IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LARRY D LEE JR., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:20-CV-3364 |
| | § | |
| UTMB HEALTH OF CLEAR LAKE, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is University of Texas Medical Branch's ("UTMB" or "Defendant") Motion to Dismiss (Doc. No. 17). Larry Lee Jr. ("Plaintiff") responded (Doc. No. 22), and Defendant replied (Doc. No. 23). Plaintiff then filed a "Motion in Opposition to Reply" (Doc. No. 24). Having considered the motion, the briefing, and the applicable law, the Court hereby **GRANTS** the Motion to Dismiss.

### I. Background

Plaintiff's Amended Complaint (Doc. No. 11) is short of facts, and there is some ambiguity about the precise causes of action Plaintiff intended to plead.[1] According to the Amended Complaint, on June 16, 2020, Plaintiff's father complained of stomach pain and received medical care at UTMB Clear Lake Hospital. Allegedly, Plaintiff's father was released and suffered a stroke less than 24 hours later. After being readmitted at UTMB, Plaintiff's father passed away four days later.

---

[1] To the extent Plaintiff intended to plead a cause of action not addressed by this Order, the Court dismisses those claims for failure to state enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

1 / 8

On January 24, 2021, Plaintiff filed his Amended Complaint (Doc. No. 11), which appears to have asserted causes of action for various tort claims, a violation of the Emergency Medical Treatment and Labor Act (EMTALA) and the Rehabilitation Act, violations of Plaintiff's rights under 42 U.S.C. §§ 2000d and 5001, relief pursuant to 29 U.S.C. § 701; 42 U.S.C. §§ 708, 1395, 2000b-2; 45 C.F.R. § 85.21; the Americans with Disabilities Act of 1990 (ADA); and finally, equal protection claims pursuant to the Fifth and Fourteenth Amendments. Defendant filed a motion to dismiss based on lack of subject matter jurisdiction under 12(b)(1) and failure to state a claim under 12(b)(6). (Doc. No. 17). Plaintiff responded (Doc. No. 22) and Defendant replied. (Doc. No. 23).

## II. Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges a federal court's subject matter jurisdiction. Federal courts have limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims. *See Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). Under Rule 12(b)(1), a claim is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim. *Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). "The burden of proof for a 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 148, 161 (5th Cir. 2011).

Defendant's motion relies heavily on the State of Texas's sovereign immunity[2] to suit in federal court. The Supreme Court has made abundantly clear that the United States Constitution preserves the basic framework of sovereign immunity: "The ultimate guarantee of the Eleventh

---

[2] The term "Eleventh Amendment immunity" is used interchangeably with "sovereign immunity" in both the briefings and in this Order, though the Court recognizes that the sovereign immunity of states does not actually derive from the terms of the Eleventh Amendment. *See Alden v. Maine*, 527 U.S. 706, 713 (1999).

Amendment is that nonconsenting states may not be sued by private individuals in federal court." *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001). "This jurisdictional bar applies regardless of the nature of the relief sought." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (cleaned up). Congress, however, "may abrogate the States' Eleventh Amendment immunity when it both unequivocally intends to do so and acts pursuant to a valid grant of constitutional authority." *Garrett*, 531 U.S. at 363 (cleaned up). Accordingly, if the State of Texas and, ultimately, UTMB enjoy sovereign immunity, this Court lacks jurisdiction over Plaintiff's claims. *See Bates v. Univ. of Tex. Med. Branch*, 425 F. Supp. 2d 826, 837 (S.D. Tex. 2003).

### III. Analysis

As a threshold issue, the Court finds that UTMB is protected by sovereign immunity as a state agency. A state university enjoys sovereign immunity depending on its status under state law. *Laxey v. La. Bd. of Trs.*, 22 F.3d 621, 623 (5th Cir. 1994). As a component institution of the University of Texas System, *see* Tex. Educ. Code Ann. § 65.02(a)(8), UTMB receives the same sovereign immunity protections as the State of Texas. *See Bates*, 425 F. Supp. 2d at 838 ("Plaintiffs' claims against UTMB are thus equivalent, for purposes of sovereign immunity, to claims against the state of Texas."). Therefore, absent waiver, consent, or valid abrogation by Congress, all of Plaintiff's claims against Defendant are barred.

Defendant has asserted that it has not waived its immunity to suit for any of Plaintiff's claims. (Doc. No. 17 at 13–19). Plaintiff has not meaningfully responded to this argument or offered any reason why UTMB is not protected by sovereign immunity. (Doc. No. 22 at 14–16). Therefore, the Court concludes that UTMB has immunity from suit in federal court. Nevertheless,

for purposes of completeness, the Court will address each of the alleged causes of action to determine if suit could be maintained under the facts asserted in the Amended Complaint.

A. EMTALA Claims

Plaintiff's allegations that UTMB was negligent by failing to examine properly, diagnose, treat, and stabilize Plaintiff's father, as well as allegations that Defendant failed to provide medical service to an individual on social security appear to comprise his EMTALA claim. (Doc. No. 11 at 3, 5). Defendant argues that it has not waived sovereign immunity for claims asserted pursuant to EMTALA. (Doc. No. 17 at 16). Plaintiff does not suggest that Defendant consented to suit.

EMTALA contains no statement indicating an unequivocal intent to abrogate a state's Eleventh Amendment immunity. *See* 42 U.S.C. § 1395dd. Further, courts in this circuit have consistently held that Congress has not abrogated sovereign immunity for suits asserted under EMTALA. *See Crisp v. Univ. of Tex. Med. Branch*, CIV.A. G-05-488, 2006 WL 1492378, at *2 (S.D. Tex. May 25, 2006) (holding Congress, in passing EMTALA, has not abrogated sovereign immunity in case with UTMB as a defendant). This determination is dispositive of Plaintiff's EMTALA claims, because this Court has no jurisdiction to hear a case premised on EMTALA against an arm of the State of Texas.

B. Tort Claims

Plaintiff alleges a "Civil Action for Wrongful Death due to personal harm under 28 U.S.C. § 5001(a)." (Doc. No. 11 at 3). This Section, titled "Civil action for death or personal injury *in a place subject to exclusive jurisdiction of United States*," clearly governs entities subject to exclusive jurisdiction of the United States. UTMB is not an entity subject exclusively to federal jurisdiction; in fact, it is an arm of the State of Texas. The Court can discern no reason why this statute applies to the facts of this case at all.

Plaintiff also alleges "gross negligence of a premature release" that "lead to personal harm, wrongful death." (Doc. No. 11 at 3). Insofar as Plaintiff may be bringing various tort claims under the Texas Tort Claims Act, which waives sovereign immunity in certain circumstances, those claims are also barred in federal court. The Fifth Circuit has held that the Texas Tort Claims Act "waives sovereign immunity in state courts only." *Sherwinski v. Peterson*, 98 F.3d 849, 852 (5th Cir. 1996). The instant suit arises in federal court, where the Texas Tort Claims Act waiver does not apply. Thus, these claims are all barred by the Eleventh Amendment immunity because UTMB is entitled to sovereign immunity.

C. Fifth and Fourteenth Amendment Claims

First, insofar as Plaintiff alleges Fifth Amendment violations, the Fifth Amendment is inapplicable in this litigation against UTMB because UTMB is a state entity. The Fifth Amendment Due Process Clause applies only to the federal government. *See Dusenbery v. United States*, 534 U.S. 161, 167 (2002).

Second, it appears that Plaintiff asserts an Equal Protection claim under the Fourteenth Amendment based upon the following allegations: "African American access denied to Public facility upon discrimination a violation of the 14th . . . Amendment civil life free from discrimination." (Doc. No. 11 at 3). An Equal Protection cause of action under the Fourteenth Amendment is brought under 42 U.S.C. § 1983. A state's sovereign immunity, however, is not waived for claims asserted pursuant to § 1983. Under § 1983, "[e]very *person* who . . . subjects, or causes to be subjected, any citizen of the United States or other person . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." The Supreme Court has explained that "a plaintiff seeking damages against the State . . . cannot use § 1983 as a vehicle for redress because a State is not a "person" under § 1983."

*Haywood v. Drown*, 556 U.S. 729, 734 n.4 (2009) (*citing Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)); *see also Ross v. Texas Educ. Agency*, 409 F. App'x 765, 768 (5th Cir. 2011) (highlighting that "neither the state nor its agency is a 'person' for purposes of § 1983"). The Fifth Circuit has made clear that Congress has not abrogated state sovereign immunity via § 1983. *Raj. v. La. Univ.*, 714 F.3d 322, 328 (5th Cir. 2013) (finding Age Discrimination in Employment Act, 42 U.S.C. §§ 1983 and 1985, and state law claims against Louisiana State University barred by sovereign immunity because Louisiana State University Board was an arm of the State). Accordingly, the Court dismisses these Fourteenth Amendment claims under the Eleventh Amendment.

D. ADA Claims

Plaintiff also appears to assert claims under Title II of the ADA, based upon his allegations that "Defendants knowingly failed to render aid to a handicap individual with disability discrimination in a medical emergency." (Doc. No. 11 at 2). Unlike the other causes of action in this suit, the ADA specifically provides that a "State shall not be immune" from suit under the act because of sovereign immunity. 42 U.S.C. § 12202. To that effect, the Supreme Court has held that an ADA claim abrogates Eleventh Amendment immunity to the degree that "it applies to the class of cases implicating the fundamental right of access to the courts." *Tennessee v. Lane*, 541 U.S. 509, 533–34 (2004). In *United States v. Georgia*, the Supreme Court iterated a three-prong test to determine whether a Title II claim of the ADA is barred by sovereign immunity:

> (1) [W]hich aspects of the State's alleged conduct violated Title II; (2) to what extent such misconduct also violated the Fourteenth Amendment; and (3) insofar as such misconduct violated Title II but did not violate the Fourteenth Amendment, whether Congress's purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid.

546 U.S. 151, 159 (2006). Defendant argues that Plaintiff fails the first two prongs of the test, and therefore UTMB's Eleventh Amendment Immunity bars Plaintiff's ADA claims.

Applying this test, the Court is unable to conclude that Title II of the ADA validly abrogates UTMB's sovereign immunity from Plaintiff's claims. The first prong of the test requires Plaintiff to factually plead that UTMB's conduct actually violated Title II. *Georgia*, 546 U.S. at 159. To make out a prima facie case of discrimination under the ADA, a plaintiff must plead: "(1) that he is a qualified individual within the meaning of the ADA; (2) that he is being excluded from participation in, or being denied benefits of, services, programs, or activities for which the public entity is responsible, or is otherwise being discriminated against by the public entity; and (3) that such exclusion, denial of benefits, or discrimination is by reason of his disability." *Melton v. Dallas Area Rapid Transit*, 391 F.3d 669, 671–72 (5th Cir. 2004). The relevant allegations in the Amended Complaint appear to be only that UTMB "knowingly failed to render aid to a handicap individual with disability." (Doc. No. 11 at 2). Even taken in context with all the other allegations, Plaintiff has not pleaded facts to show that UTMB denied Plaintiff or Plaintiff's father any benefits, services, or any other entitlement, nor that UTMB did so on the basis of any purported disability, the lynchpin of the ADA claim. In short, he has not alleged facts sufficient to show that UTMB violated his or his father's constitutional rights, and therefore, the ADA does not abrogate UTMB's immunity. *See Zaragosa v. Dallas County*, No. 3:07-cv-1704-K, 2009 WL 2030436, at *12 (N.D. Tex. July 13, 2009) (holding that because the plaintiff did not demonstrate any violation of his constitutional rights, the ADA could not abrogate sovereign immunity).

## IV. Conclusion

For the foregoing, the Court hereby **GRANTS** the Motion to Dismiss (Doc. No. 17). Plaintiff's claims are **DISMISSED** without prejudice.

Signed at Houston, Texas, this 28 day of June, 2021

Andrew S. Hanen
United States District Judge